NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ALBERT KAWALSKI, PETITIONER, v. ADAM LAYTHAM, RESPONDENT.

**Injury Due to "Kick" From Motor of Truck Employe was Cleaning—Employe Had Been Expressly Charged Not to Touch the Engine—Held Not Necessary to Do So to Clean the Truck—Accident Accordingly Did Not Arise Out of the Employment.**

On petition for compensation. On finding of facts and determination.

For the petitioner, *Joseph Stein.*

For the respondent, *John C. Barbour.*

\*    \*    \*    \*    \*    \*    \*    \*    \*

2. That the petitioner was employed by the respondent as a truck driver in the early part of the month of September, 1925, and that he continued in such employment up to the 29th day of September, 1925; that his duties consisted of driving an automobile truck, and on the said 29th day of September, 1925, his duties consisted of cleaning the body

of an automobile truck ordinarily driven by the respondent.

3. That the petitioner, at the time of injury, received for his services wages amounting to $30 per week.

4. That on the 29th day of September, 1925, the petitioner sustained personal injuries as the result of an accident.

5. That the petitioner called. no witnesses in his behalf, but his testimony was that on the morning of the accident he had been instructed by the respondent to clean the truck ordinarily driven by the respondent, and that in order to clean the body it was necessary for him to raise it; that in order to raise the body it was necessary for him to start the engine and then throw a lever, which would raise the body; that in cranking the engine the motor kicked, causing a fracture of his right wrist. Petitioner denied that he had been expressly instructed by the respondent not to touch the engine, and denied that he had been told by the respondent that the motor would kick if he attempted to crank it.

6. That the respondent produced five witnesses on his behalf and established the following: That on the morning of September 29th, 1925, the respondent, himself, backed out of the garage the automobile truck ordinarily driven by him, placing it in the yard between his garage and the rear of his house, and himself raised the body of the truck; that he instructed the petitioner to clean the body of the truck and gave the petitioner explicit orders not to touch the engine and not attempt to crank it, as the motor would kick; that the respondent then took the truck ordinarily driven by the petitioner and left the yard about six-thirty in the morning; that at the time the respondent left the yard the body of the truck, which was to be cleaned by the petitioner, was in a raised position. The respondent was corroborated by his wife, who stood in the rear door of their home about ten feet from the truck; by Arie Kaptain, a next-door neighbor, who was on his way to work, and who stopped for a few minutes in the respondent's yard; by Richard Stellman, who was delivering rolls at the rear door of respondent's home, and by William Dipple, who was seeking em-

ployment by the respondent and who was awaiting an opportunity to speak to him. The respondent was further corroborated by the testimony of one VanOrden, who went to the respondent's home on the afternoon of September 29th, 1925, to do some repair work on the engine of the truck in question, and who testified that when he arrived the body of the truck was in a raised position; that he made some repairs to the engine and then lowered the body and drove the truck into the garage. The accident had happened about nine o'clock in the morning while the petitioner was attempting to crank the motor in order, as the petitioner claimed, to raise the body. The petitioner did not offer any testimony whatsoever that he succeeded in cranking the motor or in raising the body, which, of course, is unlikely, in view of his wrist having been fractured in the attempt.

7. I do find and determine that, in order to clean the body of the truck, it was not necessary for the petitioner to crank the motor.

8. I do find and determine that the injury resulted from the direct disobedience of express orders. The disobedience or orders in this case was not a disobedience of orders as to the way in which the work should be done, as in the case of *Kolaszynski* v. *Klie,* 91 *N. J. L.* 33. On the other hand, the accident occurred while the petitioner was in the doing of an act which he was explicitly forbidden by his master to do, as in the case of *Smith* v. *Corson,* 87 *Id.* 118, for his work did not necessitate the cranking of the engine.

9. I do find and determine on this 4th day of February, 1926, that the said accident did not arise out of and in the course of his employment, as shown by the overwhelming preponderance of evidence on the part of the respondent, and it is thereby ordered that the petition herein be and the same hereby is dismissed.

HARRY J. GOAS,
*Deputy Commissioner of Labor.*